IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV511-03-MU

| | | |
|---|---|---|
| TERRY GILMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| SHERIFF ALAN CLONINGER et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed December 6, 2005. (Document No. 1. )

In his Complaint Plaintiff alleges that on November 17, 2005 Officer Rush used profanity and racial slurs with him and on the same day, Officer Gibson read his mail. Plaintiff's Complaint fails to state a claim for relief and for the reasons stated in this Order must be dismissed.

Plaintiff's allegations regarding Officer Rush's use of profanity does rise to the level of a Constitutional challenge. Plaintiff alleges that Officer Rush stated, "I don't care how many Grievance forms you write on me they will not stick because I'm a White Officer and they will never believe a Black ass nigger like you." (Complaint at 4.) While Officer Rush's comments, if true, are disturbing, verbal abuse by guards, without more, states no claim. Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C.), aff'd, 917 F.2d 1302 (4th Cir. 1990).

With respect to Officer Gibson, Plaintiff alleges that upon his return to his cell he observed Officer Gibson reading his legal mail. According to the Plaintiff, the mail in question was not incoming mail from the Court or an attorney but outgoing mail to the Clerk of Court. Plaintiff does not include any specific information about the incident other than that he observed Officer Gibson

reading his mail.  For example, Plaintiff does not explain the circumstances surrounding Officer

Gibson's presence in this cell, he does not state whether the mail was open and outside the envelope

or sealed or whether the mail was marked as confidential or legal mail.  Plaintiff does not explain

where the mail was located inside of his cell.  In short, the allegation against Officer Gibson is

conclusory and not sufficient to state a constitutional claim.

Plaintiff does not allege any claims against Sheriff Cloninger.  In general, respondeat superior

is inapplicable in § 1983 suits.  Plaintiff does not allege that Defendant Cloninger was specifically

involved in either of the incidents he alleged in his Complaint.  Simply stated, Plaintiff does not

allege facts which would support liability against Defendant Sheriff Cloninger.  Therefore, there is

no valid cause of action against him and he is dismissed from the case.

### ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is

Dismissed for failure to state a claim for relief.

**Signed: December 14, 2005**

Graham C. Mullen
Chief United States District Judge